IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSSETTS

| | |
|---|---|
| JULIE MAATTALA, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>KOCHAVA INC.,<br><br>Defendant. | Civil Action No.: 1:22-cv-11473-IT |

PLAINTIFF'S OPPOSITION TO DEFENDANT'S
MOTION TO TRANSFER VENUE

**REARDON SCANLON LLP**
James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT  06107
Telephone: (860) 955-9455
Facsimile:  (860) 920-5242
Email:  james.reardon@reardonscanlon.com

**BURSOR & FISHER, P.A.**
Julian C. Diamond (*Pro Hac Vice*)
888 Seventh Avenue
New York, NY 10019
Telephone: (646) 837-7150
Facsimile:  (212) 989-9163
Email: jdiamond@bursor.com

**BURSOR & FISHER, P.A.**
Joel D. Smith (*Pro Hac Vice*)
1990 North California Blvd., Suite 940
Walnut Creek, CA  94596
Telephone: (925) 300-4455
Facsimile:  (925) 407-2700
Email: jsmith@bursor.com

*Attorneys for Plaintiff*

## TABLE OF CONTENTS

**PAGE(S)**

INTRODUCTION .................................................................................................................. 1

ARGUMENT .......................................................................................................................... 2

   I.    LEGAL STANDARD ................................................................................................ 2

   II.   THE FIRST-FILED DOCTRINE FAVORS VENUE IN THIS DISTRICT ......................... 2

   III.  APPLICATION OF THE ESTABLISHED FACTORS FOR A CHANGE OF VENUE MILITATES AGAINST TRANSFER OF THIS ACTION .............................. 5

        A.    Plaintiff's Choice of Forum Should be Respected ....................................... 5

        B.    The Convenience of the Parties and Witnesses Favors Venue in Massachusetts ................................................................................................. 6

        C.    Relative Ease of Access to Sources of Proof Would Not Change if the Action Were Transferred ........................................................................ 8

        D.    Practical Issues Associated With Trying the Case Do Not Require Transfer ............................................................................................................ 8

CONCLUSION ....................................................................................................................... 9

## TABLE OF AUTHORITIES

PAGE(S)

**CASES**

*Barnard v. Bires*,
   2021 WL 1328476 (D. Me. Apr. 9, 2021) ................................................................................ 7

*Begley v. Windsor Surry Co.*,
   2020 WL 12991895 (D.N.H. Oct. 16, 2020) ........................................................................... 7

*Blechman v. Ideal Health, Inc.*,
   668 F. Supp. 2d 399 (E.D.N.Y. 2009) ..................................................................................... 3

*Boateng v. Gen. Dynamics Corp.*,
   460 F. Supp. 2d 270 (D. Mass. 2006) .................................................................................. 6, 8

*Cainbro Corp. v. CurranLavoie, Inc.*,
   814 F.2d 7 (1st Cir.1987) ..................................................................................................... 2, 3

*Codex Corp. v. Milgo Elec. Corp.*,
   553 F.2d 735 (1st Cir. 1977) .................................................................................................... 2

*F.A.I. Elec. Corp. v. Chambers*,
   944 F. Supp. 77 (D.Mass.1996) ........................................................................................... 2, 6

*Gulf Oil Corp. v. Gilbert*,
   330 U.S. 501, 67 S.Ct. 839, 91 L.Ed. 1055 (1947) .................................................................. 2

*LeMaitre Vascular, Inc. v. Leagans*,
   2021 WL 9649663 (D. Mass. Sept. 30, 2021) ..................................................................... 5, 7

*Liu v. DeFelice*,
   6 F. Supp. 2d 106 (D. Mass. 1998) ......................................................................................... 5

*Mercier v. Sheraton Int'l, Inc.*,
   935 F.2d 419 (1st Cir.1991) .................................................................................................. 2, 5

*Myers v. Bennett L.*,
   *Offs.*, 238 F.3d 1068 (9th Cir. 2001) ....................................................................................... 6

*Orkin v. Albert*,
   557 F. Supp. 3d 252 (D. Mass. 2021) ...................................................................................... 7

*Princess House,Inc. v. Lindsey,*
   136 F.R.D (D. Mass. 1991). ..................................................................................................... 6

*Shipley Co., Inc. v. Clark*,
   728 F. Supp. 818 (D.Mass.1990) ............................................................................................. 2

*Sigros v. Walt Disney World Co.*,
  129 F.Supp.2d 56 (D.Mass.2001) .................................................................................. 2

*Walsh v. Tara Constr., Inc.*,
  2022 WL 1913340 (D. Mass. June 3, 2022) .................................................................. 8

**STATUTES**

15 U.S.C. §45(a) ................................................................................................................ 3

15 U.S.C. §53(b) ................................................................................................................ 3

28 U.S.C. §1404(a) ............................................................................................................ 1

Mass. Gen. Laws Ch. 93A ............................................................................................. 4, 6

**RULES**

FRCP 12(b)(3) ................................................................................................................... 1

FRCP 23 ............................................................................................................................ 4

FRCP 30(b)(4) ................................................................................................................... 7

**OTHER AUTHORITIES**

Charles A. Wright, Arthur R. Miller & Edward H. Cooper., Federal Practice and Procedure,
§ 3853 ............................................................................................................................... 8

**INTRODUCTION**

Having failed to bring a timely motion for change of venue under FRCP 12(b)(3), Defendant now moves for a transfer of this action to its home court under 28 U.S.C. §1404(a), which provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought[.]"  As explained below, Defendant has failed to show that a transfer would be in the interest of justice.

First, Defendant misunderstands the first-filed doctrine.  Kochava's declaratory relief action against the Federal Trade Commission is not identical to this action, and thus the first-filed rule does not apply.  Nor is the FTC's case against Kochava either identical or first-filed.

Second, the factors that must be examined on a motion to transfer a case favor denial of the motion.  The convenience of the parties and witnesses and the location of documents do not loom as large as they have in the past, because the physical presence of parties and documents is not necessarily required.  As the past three years have taught, both witnesses and documents can be presented and produced by means of technology that did not exist when the factors were first formulated.  Furthermore, transfer is unlikely to alleviate the issue of potentially duplicative discovery or conflicting rulings that Defendant claims it faces.  Finally, there are no practical problems raised by litigating in Massachusetts that cannot be easily resolved.

On the other hand, Plaintiff is located in Massachusetts, was injured in Massachusetts, and has pled a subclass of Massachusetts residents that is based on Massachusetts law.  Furthermore, the case has progressed to the point that transfer of the case would cause its own practical problems and prejudicial delay.

On balance, the required considerations for transfer do not favor Defendant.  The motion should be denied.

**ARGUMENT**

I. **LEGAL STANDARD**

The burden is on the moving party to show that transfer is warranted. *Shipley Co., Inc. v. Clark*, 728 F. Supp. 818, 823 (D.Mass.1990). In considering whether to grant a motion to transfer venue, a district court should consider "(1) the convenience of the parties, (2) the convenience of the witnesses, (3) the relative ease of access to sources of proof, (4) the availability of process to compel attendance of unwilling witnesses, (5) cost of obtaining willing witnesses, and (6) any practical problems associated with trying the case most expeditiously and inexpensively." *F.A.I. Elec. Corp. v. Chambers*, 944 F. Supp. 77, 80–81 (D.Mass.1996) (*citing Gulf Oil Corp. v. Gilbert*, 330 U.S. 501, 508, 67 S.Ct. 839, 91 L.Ed. 1055 (1947)). There is a strong presumption in favor of the plaintiff's choice of forum. *Sigros v. Walt Disney World Co.*, 129 F.Supp.2d 56, 71 (D.Mass.2001). The moving party "must establish that private and public interests weigh heavily on the side of trial" in the alternative forum. *Mercier v. Sheraton Int'l, Inc.*, 935 F.2d 419, 424 (1st Cir.1991) (citations omitted). "Where *identical actions* are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred...." *Cainbro Corp. v. CurranLavoie, Inc.,* 814 F.2d 7, 11 (1st Cir.1987) (emphasis added).

II. **THE FIRST-FILED DOCTRINE FAVORS VENUE IN THIS DISTRICT**

Kochava's claim that this action should be transferred to the District of Idaho under the "first-filed doctrine" is simply wrong. Kovacha's action against the FTC is not the first filed action as defined in this Circuit, because it is not identical to this case.

The first-filed doctrine is not especially favored. "While the first-filed rule may ordinarily be a prudent one, it is so only because it is sometimes more important that there be a rule than that the rule be particularly sound." *Codex Corp. v. Milgo Elec. Corp.*, 553 F.2d 735, 737 (1st Cir. 1977). Certainly, first filing is not given special consideration in the tests set forth above, but is merely one factor among the many to be considered. *See Blechman v. Ideal Health,*

2

*Inc.*, 668 F. Supp. 2d 399, 404–05 (E.D.N.Y. 2009) ("[W]hen the first-filed rule is invoked in support of a motion to transfer, the court considers the rule as one among several factors in the overall calculus of efficiency and the interests of justice.").

The first-filed rule applies only when *two identical cases* are filed in different courts. "Where identical actions are proceeding concurrently in two federal courts, entailing duplicative litigation and a waste of judicial resources, the first filed action is generally preferred in a choice-of-venue decision." *Cianbro Corp.*, *supra,* 814 F.2d at 11. Kochava claims that its August 12, 2022 filing of a declaratory relief action against the FTC entitles it to the benefit of the first-filed rule, but that action is in no way identical to this one. Consequently, the first-filed rule does not apply.

*Kochava v. FTC,* which attached as Exhibit A to the Declaration of Craig J. Mariam ("Mariam Decl.") in support of Kochava's motion to transfer this action, is a declaratory relief action filed in the District of Idaho. The only two parties are the plaintiff, Kochava, and the defendant, the Federal Trade Commission. There are two causes of action: one for declaratory relief and one for injunctive relief. The complaint seeks the following declaratory judgment:

> A. That the FTC's structure violates Article II by providing improper insulation from the president, and Kochava's due process rights would be violated through any administrative proceeding.
>
> B. Section 13(b) of the FTC Act, 15 U.S.C. §53(b) only authorizes the FTC to seek injunctive relief if and when the target is "is violating, or is about to violate, any provision of law enforced by the Federal Trade Commission" and does not authorize the FTC to seek injunctive relief for past conduct that has ceased absent evidence that it is likely to recur.
>
> C. Kochava's practice of data collection, specifically of latitude and longitude, IP address and MAID information associated with a consumer's device is not an "unfair… act or practice" within the meaning of Section 5of 15 U.S.C. §45(a).

Mariam Decl., Ex. A at 12.

By contrast, the operative First Amended Complaint in this action was filed by Plaintiff Julie Maattala against Kochava, Inc. Ms. Maattala is not a party to Kochava's action against the

3

FTC, nor is the FTC a party to her action. This case is a consumer class action; *Kochava v. FTC* is not. Most critically, the claims and relief sought in the action are quite distinct from those in *Kochava v. FTC*. The First Amended Complaint alleges causes of action for unjust enrichment (Count I) and violation of the Massachusetts Unfair and Deceptive Business Practices Act (Mass. Gen. Laws Ch. 93A et seq.) (Count II). And finally, Plaintiff prays:

> a. For an order certifying the nationwide Class and the Massachusetts Subclass under Rule 23 of the Federal Rules of Civil Procedure and naming Plaintiff as representative of the Class and the Massachusetts Subclass and Plaintiff's attorneys as Class Counsel to represent the Class and the Massachusetts Subclass members;
>
> b. For an order declaring that Defendant's conduct violates the laws referenced herein;
>
> c. For an order finding in favor of Plaintiff, the nationwide Class, and the Massachusetts Subclass on all counts asserted herein;
>
> d. For compensatory, statutory, and punitive damages in amounts to be determined by the Court and/or jury;
>
> e. For prejudgment interest on all amounts awarded;
>
> f. For an order of restitution and all other forms of equitable monetary relief; and
>
> g. For an order enjoining Defendant from continuing the illegal practices detailed herein and compelling Defendant to undertake a corrective advertising campaign.

First Amended Complaint at 18-19.

In no sense can these complaints be called "identical," or even similar. The main point of convergence is that Kochava is a party to both actions. The first-filed rule simply cannot be applied here. In fact, if it were to be applied at all, it would apply to the class action that was filed on February 1, 2023: *Cindy Murphy v. Kochava, Inc.*, No. 2:23-cv-00058-REP (D. Idaho), ECF No. 1. Mariam Decl., Exhibit 3. If it were sought, a transfer of *Murphy* to this Court would be more appropriate than transferring this case to the District of Idaho, under the first-filed rule. In any case, Defendant had not even filed a notice of related case in the Murphy case at the time it filed the instant motion. Defts. Mem. at 5.

Undoubtedly aware of the weakness of its claim to have been first-filed, Kochava conflates its own complaint, which was filed August 12, 2022, with the FTC action against Kochava, filed August 29, 2022. *See* Defts. Mem. at 7. But the FTC action against Kochava was not the first filed. Nor have the two actions even been consolidated. In short, the actions in Idaho were not "first-filed" within the meaning of the doctrine, and their existence provides no basis for transfer of this action.

### III. APPLICATION OF THE ESTABLISHED FACTORS FOR A CHANGE OF VENUE MILITATES AGAINST TRANSFER OF THIS ACTION

As noted above, the decision on a transfer motion depends on several factors, both private and public. It is the moving party's burden to establish that the parties' and the public interest weigh heavily in favor of the transfer. *Mercier, supra,* 935 F.2d at 424. Defendant has failed to carry this burden.

#### A. Plaintiff's Choice of Forum Should be Respected

"There is a strong presumption in favor of the plaintiff's choice of forum, particularly when the chosen jurisdiction is the plaintiff's home forum. Such a choice more likely represents considerations of convenience rather than vexation or harassment to the defendant, thus elevating the hurdle the defendant is required to clear to warrant transfer." *LeMaitre Vascular, Inc. v. Leagans*, 2021 WL 9649663, at *3 (D. Mass. Sept. 30, 2021) (quotations and citations omitted). Such is the case here. Plaintiff resides in Massachusetts, FAC ¶ 52, and the injury to her (as well as to all subclass members) occurred in Massachusetts. In cases like this involving invasions of privacy, the injury occurs in the forum where the plaintiffs are located. *See, e.g.*, *Liu v. DeFelice*, 6 F. Supp. 2d 106, 109 (D. Mass. 1998) (although acts constituting an invasion of privacy were done in New York, they caused harm in Massachusetts, where the plaintiff was located); *Myers v. Bennett L. Offs.*, 238 F.3d 1068, 1076 (9th Cir. 2001) ("at least one of the

5

'harms' suffered by Plaintiffs is akin to the tort of invasion of privacy and was felt in Nevada"). Here, regardless of where Kochava is located, it monitored in "real time" the geolocation data of Plaintiff and other Massachusetts class members while they were in Massachusetts. *See* FAC ¶¶ 1, 3, 52. Thus, the place of injury is Massachusetts, and Plaintiff's choice of her home forum to redress the injury done to her here is appropriate.

Although Defendant contends that a plaintiff's choice of forum in a nationwide class action is not entitled to the same deference as it would be in another type of case, Defts. Mem. at 6-7, here the complaint pleads not only a nationwide class for unjust enrichment, but also a Massachusetts subclass based on the violation of the Massachusetts Unfair and Deceptive Business Practices Act (Mass. Gen. Laws Ch. 93A et seq.) To the extent that interpretation of the Federal Trade Commission Act will be necessary, as Defendant insists, this Court is, of course, as capable of doing so as the Idaho court. But the choice of this forum will also allow a court familiar with the Massachusetts statute to apply it.

### B. The Convenience of the Parties and Witnesses Favors Venue in Massachusetts

The next factors to be considered are the convenience of the parties and the witnesses. *F.A.I. Elec. Corp., supra*, 944 F. Supp. at 80–81. "Of the factors considered by the court, the convenience of expected witnesses is 'probably the most important factor, and the factor most frequently mentioned.' *Princess House, Inc. v. Lindsey*, 136 F.R.D. at 18 (citations omitted). In considering this factor, the court looks at 'the number of potential witnesses located in both the transferor and the transferee district, the nature and quality of their testimony, and whether the witnesses can be compelled to testify.' *Id*. 'A party seeking transfer on this basis must, therefore, specify the key witnesses to be called, accompanied by a general statement as to what their testimony will entail.'" *Boateng v. Gen. Dynamics Corp*., 460 F. Supp. 2d 270, 275 (D. Mass. 2006); *see also LeMaitre Vascular, supra,* 2021 WL 9649663, at *4. In *LeMaitre,* the court observed that the defendant had "neither identified key witnesses nor made a general statement

6

regarding the expected scope and substance of such witnesses' testimony. He [was] similarly silent on particulars regarding documents and other evidence. Without further detail, Leagans' broad assertions about the location of evidence and convenience of witnesses are unpersuasive." *Id.* The same is true here. Although Defendant's memorandum claims that Kochava's employees are "likely" to be witnesses, Defts. Mem. at 8, it has submitted no evidence in the form of declarations or otherwise, that provide any information about the witnesses (other than the CEO, Charles Manning) in the vein required by *LeMaitre*. Defendant has, thus, failed to carry its burden of demonstrating the inconvenience of Plaintiff's chosen forum.

Certainly, the convenience of travel to and proceedings in Boston, which is a major American city with an international airport and the courthouse located in the city, versus travel to either Sandpoint, Idaho (population approximately 8,600; the closest airport is Spokane, Washington) or to the courthouse in Coeur d'Alene, cannot be overstated.

But in any case, a major shift has taken place during the Covid-19 pandemic that directly impacts the Court's evaluation of this factor. Technology has come to provide solutions to the issues of convenience that have always preoccupied courts when considering a change of venue. For example, FRCP 30(b)(4) allows depositions to be taken "By Remote Means. The parties may stipulate—or the court may on motion order—that a deposition be taken by telephone or other remote means." During the pandemic, remote depositions have become routine and even preferred. *See, e.g., Orkin v. Albert*, 557 F. Supp. 3d 252, 261 (D. Mass. 2021) ("Due to the emergence of the COVID-19 Delta variant, the Court urges the parties to conduct remote depositions in order to protect public health."); *Barnard v. Bires*, 2021 WL 1328476, at *2 (D. Me. Apr. 9, 2021) (motion for leave to depose witness remotely using Zoom granted); *Begley v. Windsor Surry Co.*, 2020 WL 12991895, at *2 (D.N.H. Oct. 16, 2020) ("The COVID-19 pandemic has disrupted almost every aspect of daily life, including the practice of law. We have all been forced to adapt and find creative solutions. Partially remote depositions are one such solution."). Rather than upend an action that is already well underway (as discussed below), the Court has the authority to order the same in this case, and to hear motions remotely as well as necessary. Furthermore, subpoenas under Rule 45 can compel witnesses to testify remotely for

deposition or trial. *Walsh v. Tara Constr., Inc.*, No. 19-CV-10369-AK, 2022 WL 1913340, at *2 (D. Mass. June 3, 2022). Accordingly, the factors of convenience of parties and witnesses do not weigh in favor of transfer.

### C. Relative Ease of Access to Sources of Proof Would Not Change if the Action Were Transferred

The location of documentary evidence is another factor for the Court to consider. *Boateng,* 460 F. Supp. 2d at 276. Again, technology provides a new perspective on this factor. As the court observed in *Boateng,* "However, since most records and documents now can be transported easily or exist in miniaturized or electronic form ... their location is entitled to little weight. This is particularly true with the development of photoduplication, facsimile transmission, the Internet, and the easy availability, excellent reproducibility, and relatively low cost of hard and electronic copies." See 15 Charles A. Wright, Arthur R. Miller & Edward H. Cooper., Federal Practice and Procedure, § 3853." *Id.* Furthermore, even if there were some reason that documents could not be electronically produced, "The fact that the majority of evidence is already in defendants' possession ensures that they can produce it at trial, and negates any need to transfer the case in order to bring the records within the subpoena power. Further, defendants have made no showing that transporting the applicable records to Massachusetts would cause a hardship to their business." *Id.* In sum, the location of records is not a factor to be accorded any weight in Defendant's favor.

### D. Practical Issues Associated With Trying the Case Do Not Require Transfer

Defendant argues that keeping the case in this Court will result in duplicative rulings or discovery as the FTC actions in Idaho proceed on their own tracks. Defts. Mem. at 10. But transfer would not solve this problem. Defendant's problem is that it is involved in enforcement litigation with the FTC as well as private civil litigation with Plaintiff. Defendant has not explained how it could obtain consolidation of a government enforcement action that is solely seeking injunctive relief and a private civil class action seeking damages. Without consolidation, which is speculative at best at this point, discovery and motion practice will necessarily proceed separately. Thus, transfer would make no difference except to cause delay.

Defendant also fails to acknowledge that it has already asked this Court to become engaged in the case. The parties have appeared for a scheduling conference and an order issued. ECF 24. The First Amended Complaint is already fully briefed in this Court. ECF 26-28, 29-31, and initial disclosures regarding jurisdiction have been made. Manning Decl., Exh. D. Defendant has been dilatory, and transfer would cause further delay and consequent prejudice to Plaintiff.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that Defendant's motion be denied.

Dated: March 24, 2023                                       Respectfully submitted,

**BURSOR & FISHER, P.A.**

By: */s/ Julian C. Diamond*
         Julian C. Diamond

Julian C. Diamond (*pro hac vice*)
888 Seventh Avenue
New York, NY 10019
Tel: (646) 837-7150
Fax: (212) 989-9163
E-Mail: jdiamond@bursor.com

**REARDON SCANLON LLP**
James J. Reardon, Jr.
45 South Main Street, 3rd Floor
West Hartford, CT 06107
Telephone: (860) 955-9455
Facsimile: (860) 920-5242
Email: james.reardon@reardonscanlon.com

**BURSOR & FISHER, P.A.**
Joel D. Smith (*pro hac vice*)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
Email: jsmith@bursor.com

*Attorneys for Plaintiff*

9

**CERTIFICATE OF SERVICE**

I hereby certify that on March 24, 2023, a true and correct copy of the forgoing was served by CM/ECF to the parties registered to the Court's CM/ECF system.

Dated: March 24, 2023                                         /s/ *Julian C. Diamond*
                                                                              Julian C. Diamond